# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL GREEN,<br><br>        Plaintiff,<br><br>    v.<br><br>B. S. DAVID, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-CV-01747-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(DOC. 10)<br><br>OBJECTIONS DUE WITHIN 21 DAYS |

      Plaintiff Vencil Green ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his complaint, filed October 5, 2009, against Defendants B. S. David, H. A. Miranda, A. Guerra, C. Hazel, R. Burnitzki, and D. K. Williams for use of excessive force in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion for temporary restraining order, filed April 1, 2010.

      Plaintiff seeks a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). A temporary restraining order may be issued without notice to the adverse party only if: specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury will result to be movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). In order to demonstrate the need for a temporary restraining order or for preliminary injunctive relief, a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*,

1  129 S. Ct. 365, 374 (2008) (citations omitted).

2   Plaintiff contends that Defendant B. S. David threatened Plaintiff with bodily harm.
3  Plaintiff fails to demonstrate specific facts which indicate immediate injury to Plaintiff.  An
4  allegation of threats of bodily harm is too vague as to indicate specificity, immediacy, or
5  likelihood of harm.  The harm Plaintiff suffered allegedly occurred in March 2009.  Any harm in
6  the future would be discrete from the harm alleged in Plaintiff's complaint.  Verbal harassment
7  alone is insufficient to state a § 1983 claim, *see Oltarzweski v. Ruggiero*, 830 F.2d 136, 139 (9th
8  Cir. 1987), and even threats of bodily injury are insufficient, because a mere threat is not the
9  equivalent of the act itself, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

10   Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for
11  temporary restraining order, filed April 1, 2010, should be DENIED.

12   These Findings and Recommendations will be submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**
14  **one (21) days** after being served with these Findings and Recommendations, the plaintiff may
15  file written objections with the court.  The document should be captioned "Objections to
16  Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file
17  objections within the specified time may waive the right to appeal the District Court's order.
18  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19   IT IS SO ORDERED.

20   Dated:   **August 27, 2010**          /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

2