# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN, | CASE NO. 1:09-cv-01747-AWI-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| B. S. DAVID, et al., | (Docs. 20, 21) |
| Defendants. | DEADLINE THIRTY DAYS |

Plaintiff Vencil Green is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order on August 27, 2010, this action is proceeding against Defendants B. S. David, H. A. Miranda, A. Guerra, C. Hazel, R. Burnitzki, and D. K. Williams for excessive force. (Doc. 14.) Currently, Defendants are in the process of being served. On September 10, 2010, Plaintiff filed a motion requesting the court contact the prison regarding his being banned from the law library. (Doc. 20.) On September 29, 2010, Plaintiff filed a duplicative motion requesting a preliminary injunction. (Doc. 21.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

     Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."

     The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that prison guards used excessive force on him while he was confined in the SHU. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Steel Co., 523 U.S. at 102-103.

     Accordingly, it is recommended that Plaintiff's motions for preliminary injunctive relief, filed September 10 and 29, 2010, be DENIED, with prejudice, for lack of jurisdiction.

     It is ordered that this finding and recommendation be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **THIRTY (30) DAYS** after being served with the finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 8, 2010                                             _____
                                                                                 UNITED STATES MAGISTRATE JUDGE