# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. S. DAVID, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-01747-AWI-GBC PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, DIRECTING CLERK'S OFFICE TO FILE LODGED COMPLAINT, AND ORDERING DEFENDANTS TO FILE AN ANSWER<br><br>(Docs. 30, 31, 32)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE AS PREMATURE<br><br>(Doc. 33)<br><br>FOURTEEN DAY DEADLINE |

　　Plaintiff Vencil Green is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint filed October 5, 2009, against Defendants B. S. David, H. A. Miranda, A. Guerra, C. Hazel, R. Burnitzki, and D. K. Williams for excessive force in violation of the Eighth Amendment and is in the discovery stage. On January 27, 2011, Plaintiff filed a motion to amend the complaint "to correct the defect in pertinence [sic] to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)." (Doc. 30.) Plaintiff included a proposed amended complaint. The amended complaint omits all claims in the original complaint, except those alleging excessive force that were found cognizable in the order issued August 27, 2010. On January 31, 2011, Plaintiff filed a motion for a settlement conference. (Doc. 33.)

　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

1  pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,
2  a party may amend only by leave of the court or by written consent of the adverse party, and leave
3  shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and
4  leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v.
5  Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However,
6  courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2)
7  is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor
8  of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v.
9  Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade,
10 198 F.3d 752, 757-58 (9th Cir. 1999)).

   A review of the amended complaint reveals that it does not prejudice the opposing party as it restates the cognizable claims set forth in the original complaint. Although Defendants have not had an opportunity to file a response to Plaintiff's motion to file an amended complaint, the Court will grant the motion as it omits the non-cognizable claims and states the relief requested in this action, therefore clarifying which claims are at issue in this action.

   The Federal Rules of Civil Procedure authorize settlement discussions at any pretrial conference. Fed.R.Civ.P. 16(c)(9). While federal courts have the authority to require the parties to engage in settlement conferences, they have no authority to coerce settlements. Goss Graphic Systems, Inc. v. DEV Industries, Inc., 267 F.3d 624, 627 (7th Cir. 2001.)  At this stage in the proceedings, Defendants have not indicated to the Court that they are willing to participate in a settlement conference. No settlement conference will be scheduled until such time as *both* parties agree to participate in one. Discovery in this action opened on November 16, 2010, and is not set to close until July 16, 2011. At this stage of the action, when discovery has just begun, a request for a settlement conference is premature. Plaintiff is advised that this order does not preclude the parties from discussing settlement.

   Accordingly, it is HEREBY ORDERED that:

   1.   Plaintiff's motion seeking leave to amend the complaint, filed January 27, 2011, is
        GRANTED;

2

    2.       The Clerk's Office shall file in the civil case cover sheet and amendment lodged with the court on January 27, 2011;

    3.       The scheduling order issued November 16, 2010 remains in effect;

    4.       Defendants shall file an answer to the amended complaint within fourteen days; and

    5.       Plaintiff's motion for a settlement conference is denied, without prejudice, as premature.

IT IS SO ORDERED.

Dated:   February 2, 2011

UNITED STATES MAGISTRATE JUDGE

3