# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN,<br><br>        Plaintiff,<br><br>  v.<br><br>B. S. DAVID, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:09-cv–01747-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION, WITH PREJUDICE<br><br>Doc. 39<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural Background**

On October 5, 2009, Plaintiff Vencil C. Green ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pl. Compl., Doc. 1. On February 17, 2010, the Court found service of the complaint appropriate against Defendants B. S. David, H. A. Miranda, A. Guerra, C. Hazel, R. Burnitzki, and D. K. Williams ("Defendants") for Eighth Amendment excessive force. Doc. 14. On September 9, 2010, the Court issued a second informational order, advising Plaintiff that Defendants may file a motion for summary judgment and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Doc. 19. On September 22, 2011, Defendants filed a motion for summary judgment. Doc. 39. On October 3, 2011, Plaintiff filed an opposition to Defendants' motion for summary judgment. Doc. 41. On October 10, 2011, Defendants filed a reply to Plaintiff's opposition. Doc. 42.

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party:

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## III. Undisputed Facts and Allegations in Plaintiff's Complaint

At the time relevant to this case, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Corcoran State Prison. Pl. & Defs. UF 1, Docs. 39 & 41. At all times relevant to this case, Defendants were correctional officers assigned to Corcoran State Prison. Pl. & Defs. UF 2. On February 2, 2011, Plaintiff filed an amended complaint. Doc. 35. On March 28, 2009, Defendant Miranda handcuffed Plaintiff to escort him to

the exercise yard. Am. Compl. at 3, Doc. 35. Plaintiff alleges Defendant David uttered an insult and used excessive force on Plaintiff. *Id.* at 3-4. Plaintiff alleges Defendants Miranda, Guerra, Burnitzki, and Williams held Plaintiff on the ground while Defendant Hazel insulted Plaintiff and pepper-sprayed him in the mouth. *Id.* at 4. Following this incident, Sgt. Bueno interviewed Plaintiff by video and then ordered Plaintiff taken to the hospital for his injuries. *Id.* at 5. Based on the March 28, 2009 incident, Plaintiff was issued a Rules Violation Report charging him with assault on peace officer. Pl. & Defs. UF 15. Based on the March 28, 2009 incident, Plaintiff pled no contest in Kings County Superior Court to violating California Penal Code § 69, for obstructing an officer with threats or violence, and consequently, was sentenced to an additional thirty-two months in prison. Pl. & Defs. UF 17. There is no evidence that Plaintiff obtained habeas corpus relief or otherwise received back his good time credits prior to filing the operative complaint in this case. Pl. & Defs. UF 18. There is no evidence that Plaintiff's no contest plea under Penal Code § 69 was invalidated through a direct appeal, expunged by executive order, or by the issuance of a writ of habeas corpus prior to filing the operative complaint in this case. Pl. & Defs. UF 19.

### IV. *Heck* Bar

#### A. Legal Standard

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994), provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. *See also Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006). California courts apply the same rule to claims under state law that collaterally attack a valid conviction. *See Lujano v. County of Santa Barbara*, 190 Cal. App. 4th 801, 806–08 (2010). *Webb v. City and County of San Francisco*, 2011 WL 6151605 (N.D. Cal. Dec. 12, 2011).

The Ninth Circuit recently addressed a § 1983 suit barred by *Heck*:

> In *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc), we recognized that "'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)." Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or

'demonstrate' the invalidity of the earlier conviction or sentence...."
*Id.* quoting *Heck*, 512 U.S. at 487.
In addressing this question in *City of Hemet*, we recognized that an allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction. 394 F.3d at 699. We noted that "Smith would be allowed to bring a § 1983 action, however, if the use of excessive force occurred subsequent to the conduct on which his conviction was based." *Id.* at 698. The critical element remains whether the plaintiff's action, if successful, will "demonstrate the invalidity of any outstanding criminal judgment." *Heck*, 512 U.S. at 486–87.

*Beets v. County of Los Angeles*, __ F.3d __, 2012 WL 414668 (9th Cir. Feb. 10, 2012). Thus, "where a prison disciplinary action "arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002).

### B. Analysis

According to Plaintiff's amended complaint, the March 28, 2009 incident with Defendants was an uninterrupted chain of events. *See* Am. Compl. at 3-5, Doc. 35. Thus, Plaintiff's allegations do not fall within the distinct temporal and spatial factual basis of *City of Hemet*. *See also Mitchell v. Demski*, 2007 WL 2023471 (D. Ariz. July 11, 2007) ("The officers' use of force against plaintiff did not occur in different 'phases' of the incident . . . The evidence reflects that the entire incident involving the officers' use of force was a single course of events. As such, under the reasoning of *City of Hemet*, *Heck* bars Plaintiff's claim that Defendants' use of force against him was excessive").

Plaintiff pled no contest to a violation of Section 69 and was sentenced to an additional thirty-two months in prison. Pl. & Defs. UF 17. Section 69 of the Penal Code provides:

> Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment.

Cal. Penal Code § 69. To prove that a defendant is guilty of violating this section, the prosecution must prove the officer was acting lawfully at the time of the violation. *People v. Cruz*, 44 Cal.4th 636, 673 (2008) ("[I]t is a well-established rule that when a statute makes it a crime to commit any act against a peace officer engaged in the performance of his or her duties, part of the corpus delicti of the offense is that the officer was acting lawfully at the time the offense was committed."). This

is also reflected in the Judicial Council of California Criminal Jury Instruction, which states that to prove a Section 69 violation, "the People must prove that: When the defendant acted, the officer was performing (his/her) lawful duty." Judicial Council of California Criminal Jury Instructions, Series 2652 (2011).

A plea of nolo contendere or "no contest" has the same effect as a guilty plea or other conviction for the purposes of applying the *Heck* doctrine. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610, 612 (9th Cir. 2011) (no contest plea to felony weapons possession barred later civil action alleging illegal search); *Nuno v. County of San Bernardino*, 58 F. Supp.2d 1127, 1138–39 (C.D. Cal. 1999) (holding that *Heck* doctrine applies when plaintiff convicted by no contest plea).

Plaintiff's theory that he was not resisting or posed no reasonable threat of obstruction to the officers, and the officers had no reasonable justification to employ any force against him clearly undermines his conviction under Section 69. Thus, these claims are barred by *Heck* and corresponding state authority. *See Hooper v. County of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011).

Given that all of Plaintiff's claims challenge and undermine the validity of his Section 69 conviction, which there is no evidence has been disturbed in any way, *Heck* bars all of Plaintiff's claims.

## V. Conclusion and Recommendation

Plaintiff has "failed to point to 'specific facts' in the record that could 'lead a rational trier of fact to find' in his favor. *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e))." *Beard*, 548 U.S. at 535. Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the undersigned HEREBY RECOMMENDS that the Court GRANT Defendants' motion for summary judgment and that this action be DISMISSED, with prejudice.

//
//
//
//

These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 7, 2012

UNITED STATES MAGISTRATE JUDGE