# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN,<br><br>              Plaintiff,<br><br>   v.<br><br>B. S. DAVID, et al.,<br><br>             Defendants.<br>_____ / | CASE NO. 1:09-cv–01747-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>Doc. 47<br><br>OBJECTIONS DUE WITHIN 15 DAYS |

On October 5, 2009, Plaintiff Vencil C. Green ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2012, Plaintiff filed a motion for preliminary injunction against prison officials at Corcoran State Prison regarding the law library.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley*

1  *Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47
2  (1982). If the court does not have an actual case or controversy before it, it has no power to hear the
3  matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only]
4  if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
5  not attempt to determine the rights of persons not before the court." *Zepeda v. United States*
6  *Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

7      The pendency of this action does not give the Court jurisdiction over prison officials in
8  general or the law library at Corcoran. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93
9  (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is
10 limited to the parties in this action and to the viable legal claims upon which this action is
11 proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Therefore, the Court lacks
12 jurisdiction over prison officials at Corcoran State Prison regarding the law library.

13     Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary
14 injunction, filed February 27, 2012, should be DENIED.

15     These Findings and Recommendations will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days**
17 after being served with these Findings and Recommendations, the parties may file written objections
18 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
19 Recommendations." The parties are advised that failure to file objections within the specified time
20 may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57
21 (9th Cir. 1991).

22 IT IS SO ORDERED.

23 Dated:   April 17, 2012
24                                                         UNITED STATES MAGISTRATE JUDGE

25
26
27
28